**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) |
| | ) **I.D. No. 0907019543A** |
| LEONARD M. TAYLOR, | ) |
| Defendant. | ) |

Submitted: February 16, 2022
Decided: March 8, 2022

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF

This 8th day of March, 2022, upon consideration of Defendant's Third Motion for Postconviction Relief, it appears to the Court that:

1.	Defendant was convicted of non-capital Murder First Degree and Possession of a Firearm During the Commission of a Felony. Defendant filed a *pro se* "Motion of Acquittal" on February 8, 2011. Defendant's trial counsel moved to withdraw the following week. Trial counsel's Motion to Withdraw was granted on March 30, 2011, and the Court appointed conflict counsel to represent Defendant in his appeal to the Supreme Court. On June 2, 2011, Defendant was sentenced to life imprisonment, plus five years for Possession of a Firearm During the Commission of a Felony. A timely notice of appeal was filed with the Delaware Supreme Court. Defendant's conviction and sentence were affirmed on April 17, 2012.

2.	On April 29, 2013, Defendant filed a *pro se* Motion for Postconviction Relief. This Court appointed counsel to represent Defendant. Appointed counsel

1

then filed an Amended Motion for Postconviction Relief, asserting ineffective assistance of both trial and appellate counsel. In October 2014 both trial and appellate counsel submitted separate affidavits in response to the claims of ineffective assistance of counsel.

3.     On March 20, 2016, Defendant filed a Second Amended Motion for Postconviction Relief alleging various ineffective assistance of counsel claims. The Court denied Defendant's motion in full. One argument raised by Defendant – identical to the one he presently asserts – was that trial counsel was ineffective for failing to object to a PowerPoint slide donning his face and the word "Guilty" in bold, red letters. The slide also had the names of all of the witnesses and the word "Evidence" pointing at the photo of Defendant with red arrows. Similarly, Defendant asserted that his appellate counsel was ineffective for failing to raise the claim on appeal. This Court found that the slide was not impermissible and neither trial nor appellate counsel was ineffective for failing to challenge it. The Court further stated that even if the slide was improper, trial counsel was not ineffective for failing to object under the *Hughes* test. This Court's decision was affirmed by the Delaware Supreme Court.[1]

4.     Now, before the Court is Defendant's Third Motion for Postconviction Relief where he challenges the PowerPoint. As such, Rule 61(d)(2) pertaining to

---

[1] *Taylor v. State*, 2016 WL 6311117 (Del. Oct. 27, 2016).

2

successive motions is applicable. "[I]f a Defendant files more than one Rule 61 Motion, every second or subsequent motion shall be summarily dismissed, unless the Motion meets one or both exceptions under Rule 61 (d)(2)(i) or (ii)."[2] "Summary dismissal means that the Court rejects the motion without ruling on the merits of the claims raised within."[3] For this Court to consider successive postconviction motions under Rule 61(d)(2), the motion must either:

> (i) plead [] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead [] with particularity a claim that a new rule of constitutional law, made retroactive … applies to the movant's case and renders the conviction … invalid.[4]

5.    Defendant argues that no procedural bars apply because the trial judge "divested the trial court of its inherent jurisdiction and rendered the entire trial unconstitutional and defective[,]" and further, that the alleged procedural bar is "the direct and proximate result of counsel's ineffectiveness. Due to the ineffectiveness, 'prejudice is presumed' under *Strickland*, and the procedural bar is inapplicable."[5] This Court has jurisdiction to try Defendant's case and his argument fails to overcome any of the procedural bars under Rule 61.  Moreover, the exceptions to the successive motion procedural bar set forth in Rule 61(d)(2)(i) & (ii) are not applicable to Defendant's case because he has failed to plead with

---

[2] *State v. Purnell*, 2020 WL 837148 at 9 (Del. Super. Ct. Feb. 19, 2020).
[3] *Id.*
[4] *State v. Wright*, 2018 WL 1129004, at 2 (Del. Super. Ct. Feb. 26, 2018).
[5] Defendant's Memorandum of Law in Support of Rule 61 Postconviction Relief at 20, 28.

any particularity that new evidence exists that creates a strong inference of actual innocence or that a new rule of constitutional law exists that was made retroactive to his case. This is so despite Defendant's reliance on the Supreme Court's recent decision in *State v. Purnell*.[6]

6. Based on this Court's own reading of *Purnell*, despite Defendant's belief, the Supreme Court's decision lends nothing to his case and this Court's conclusion remains the same – Defendant plainly cannot satisfy the actual innocence test. In *Purnell*, the Supreme Court acknowledged that "[s]atisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare."[7] Further, the Court explained what a Defendant must show in order to satisfy this heavy burden:

> Under both *Lloyd* and *Schlup*, a Defendant must present additional evidence that was not available at trial and would not have been despite the Defendant's exercise of due diligence, thus making it "new." That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial was granted.[8]

A Defendant's "claim for relief is procedurally barred unless he can show that his new evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial and could not have been discovered

---

[6] 254 A.3d 1053 (Del. 2021).
[7] *Id.* at 1100.
[8] *Id.*

before by the exercise of due diligence; and (3) is not merely cumulative or impeaching."[9] Defendant simply cannot satisfy his burden under the actual innocence test. The issue surrounding the State's use of the PowerPoint slide is not new evidence being that Defendant raised an identical argument in his Second Motion for Postconviction Relief, which this Court rejected.[10]

7.    Moreover, *Purnell* articulates no new rule of constitutional law that has any applicability to the facts and/or issues involved in this case.

8.    Accordingly, as Defendant has failed to overcome the procedural bars to successive motions for postconviction relief, Defendant's Second Motion for Postconviction Relief is summarily dismissed, as required by Rule 61(d)(2).

9.    Even if Defendant were able to overcome the procedural bar, as previously noted, there is no justification for this Court to stray from its previous ruling as to the PowerPoint slide which was upheld by the Supreme Court. [11]

Therefore, Defendant's Third Motion for Postconviction Relief is SUMMARILY DISMISSED.

IT IS SO ORDERED.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

---

[9] *Id.*
[10] *See State v. Taylor*, 2016 WL 1714142 (Del. Super. Ct. Apr. 26, 2016).
[11] *See Taylor v. State*, 150 A.3d 776 (Del. 2016).

5